Filed 4/23/14  Yolanda C. v. Super.Ct. CA5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| YOLANDA C., | F069077 |
| Petitioner, | |
| v. | (Super. Ct. No. J12-66285) |
| THE SUPERIOR COURT OF TULARE COUNTY, | |
| Respondent; | **O P I N I O N** |
| TULARE COUNTY HEALTH AND HUMAN SERVICES AGENCY, | |
| Real Party in Interest. | |

### THE COURT\*

ORIGINAL PROCEEDINGS; petition for extraordinary writ review.  Hugo J. Loza, Commissioner.

Yolanda C., in pro. per., for Petitioner.

No appearance for Respondent.

No appearance for Real Party in Interest.

-ooOoo-

---

\*       Before Kane, Acting P.J., Poochigian, J., and Peña, J.

Yolanda C. (mother), in propria persona, petitions (Cal. Rules of Court, rule 8.452) to overturn a juvenile court order terminating reunification services and setting a Welfare and Institutions Code section 366.26[1] hearing as to her three sons, who range from two to eight years of age. However, mother fails to explain in her petition what was erroneous about the juvenile court's decision, let alone how she was prejudiced. Accordingly, we will dismiss her petition.

## PROCEDURAL AND FACTUAL BACKGROUND

In 2012, mother's substance abuse and mental illness rendered her unable to provide her sons with regular care and placed them at substantial risk of suffering serious physical harm or illness. Her physical abuse and abuse by others of her eldest son also endangered him and placed all the children at substantial risk of serious physical harm.

The juvenile court, as a result, exercised its dependency jurisdiction over the children and removed them from mother's custody in the summer of 2012. Despite approximately 18 months of reunification services, mother was unable to reunify with the children. Mother did make moderate progress toward alleviating the causes that required the children's out-of-home placement. However, to return the children to her care would create a substantial risk of detriment to their safety, protection or physical or emotional well-being.

Consequently, the court continued the children's out-of-home placement, terminated reunification services, and set a hearing under section 366.26 to select and implement a permanent plan for the children.

## DISCUSSION

The purpose of writ proceedings such as this is to facilitate review of a juvenile court's order setting a section 366.26 hearing to select and implement a permanent plan

---

[1] All statutory references are to the Welfare and Institutions Code unless otherwise indicated.

for a dependent child.  (Cal. Rules of Court, rule 8.450(a).)  The juvenile court's decision is presumed correct.  (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)  It is up to a petitioner to raise specific issues and substantively address them.  (§ 366.26, subd. (*l*).)  This court will not independently review the record for possible error.  (*In re Sade C.* (1996) 13 Cal.4th 952, 994.)

In this case, mother filed a form writ petition that is essentially blank.  She neither raises nor substantively addresses any specific issue, as required by section 366.26, subdivision (*l*).  Because mother has filed an inadequate petition, we shall dismiss this proceeding.

## DISPOSITION

The extraordinary writ proceeding is dismissed.  This opinion is final forthwith as to this court.